

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# Smith v. Dept Gen Ser PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3405

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Dept Gen Ser PA" (2006). *2006 Decisions.* Paper 917.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/917

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3405

KENT SMITH,

Appellant
v.

DEPARTMENT OF GENERAL SERVICES OF PA;
PENNSYLVANIA CAPITAL POLICE BUREAU
a/k/a Capital Police Harrisburg;
MICHAEL SHIPP; EUGENE V. MARZULLO;
RICHARD SHAFFER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 04-CV-997
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 11, 2005

Before: BARRY, SMITH, and TASHIMA, *Circuit Judges*[*]

(Filed: June 12, 2006)

OPINION

SMITH, *Circuit Judge*.

      Kent Smith was a police officer with the Capitol Police in Harrisburg,

---

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge for the Court of Appeals of the Ninth Circuit, sitting by designation.

Pennsylvania. Before his shift began on December 10, 2003, he was leaning against a wall in a hallway immediately outside of the administrative offices of the Capital Police waiting to talk to some of the administrative staff. One of his superior officers, Sergeant Michael Shipp, grabbed his right elbow and said, "come on - you have been here long enough." Smith "went forward, and spun around and ripped [his] arm out of [Shipp's] hand." Smith "got out of there as quick as [he] could [and] . . . . went back to [his] workplace." After Smith changed into his uniform, he reported for duty. Later that evening, he complained of pain in his right arm and shoulder and sought treatment at the local emergency room. He was diagnosed with a sprain/strain, and was off work for a week.

In January of 2004, Richard Shaffer, the Director of the Bureau of Police and Safety in the department, advised Smith that an investigation was being conducted to determine whether he provided any false and misleading information to department personnel regarding the December incident with Sgt. Shipp. Smith denied providing any false or misleading information and asserted that the investigation was retaliation for his reporting Sgt. Shipp's conduct. On March 5, 2004, Shaffer advised Smith that, based upon the information provided at the pre-disciplinary conference, the allegation of providing false and misleading information was unsupported.

Although Smith had returned to work, he continued to experience a "toothache pain" in his shoulder and returned to his physician three months after sustaining the initial incident. He received a steroid injection and was instructed to avoid repetitious lifting.

Smith admitted that he received no other physical injury as a result of the incident with Sgt. Shipp. Smith claimed, however, that he suffered from mental distress as a result of ongoing harassment. He alleged that others on the police force accused him of lying and being a troublemaker and a "snitch."

On April 20, 2004, Smith requested a transfer to the 10 p.m. to 6 a.m. shift because of a conflict with his court duties for Mifflin Borough. The transfer was granted. As a result of the transfer, Smith's pay was reduced by $1.00 per hour.

Smith subsequently filed in the Court of Common Pleas this lawsuit pursuant to 42 U.S.C. § 1983 against the Pennsylvania Department of General Services, the Pennsylvania Capitol Police Bureau, Eugene V. Marzullo, the Director of the Capitol Police, Richard Shaffer, the Assistant Director of the Capitol Police, and Sgt. Michael Shipp. On May 5, 2004, the Department of General Services, the Pennsylvania Capitol Police, and Sgt. Shipp removed this action to the United States District Court for the Middle District of Pennsylvania. Smith's amended complaint alleged that his rights under the First, Fourth, and Fourteenth Amendments had been violated as he was subjected to unreasonable and excessive force, and an unlawful arrest. Smith also claimed that the defendant had maliciously prosecuted him and that he had been retaliated against because he spoke about the incident. In addition, Smith asserted several state tort claims against Sgt. Shipp.

In a thorough Memorandum, the District Judge granted summary judgment for the defendants. She concluded that Sgt. Shipp's conduct did not constitute a seizure for

3

Fourth Amendment purposes, and that there was no arrest. Because the Fourth

Amendment was not implicated, the Court also evaluated Smith's excessive force claim

under the substantive due process clause of the Fourteenth Amendment and concluded

that this claim also failed because Sgt. Shipp's conduct did not shock the conscience. The

District Court also dismissed the malicious prosecution claim because Smith had not been

criminally prosecuted. Instead, the Capitol Police had conducted only an investigation,

and found that there was insufficient evidence to support the allegation of wrongdoing.

As to the First Amendment retaliation claim, the District Court concluded that it could not

survive summary judgment because the named defendants had not retaliated against

Smith. The claim against the municipal entity for failure to train was dismissed because

there was no underlying constitutional violation. The state claims were dismissed as

barred by sovereign immunity.[1]

On appeal, Smith challenges the grant of summary judgment on his Fourth

Amendment claim, the Fourteenth Amendment excessive force claim, the malicious

prosecution claim, and the First Amendment retaliation cause of action. For the reasons

set forth below, we will affirm.

We agree with the District Judge that the solitary act of momentarily grabbing

Smith's elbow was not a seizure for Fourth Amendment purposes. Smith testified during

---

[1]The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary. *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003).

his deposition that he was neither detained nor arrested.  Thus, Smith was not in custody, and there is only the single instance of physical contact in which Sgt. Shipp directed Smith by the arm  to move along.  As the Supreme Court observed in *Graham v. Connor*, 490 U.S. 386 (1989), "'[n]ot every push or shove, even it if may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment."  *Id.* at 396 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)); *see also Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001) (concluding that push by school administrator of student that propelled her backwards into a door jam was not the "type of detention or physical restraint that we require to effectuate a seizure" under the Fourth Amendment).

Nor do we find error by the District Court in granting summary judgment for Sgt. Shipp on Smith's Fourteenth Amendment substantive due process claim.  In *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), the Supreme Court concluded that there was no Fourth Amendment claim because there was no seizure, and it proceeded to consider whether the high speed car chase that caused the death of the plaintiffs' decedent stated a viable Fourteenth Amendment substantive due process claim.  The Supreme Court confirmed that the protection against arbitrary action afforded by the Due Process Clause is a protection against conduct that shocks the conscience.  *Id.* at 836, 845-47.  It pointed out that its "cases dealing with abusive executive action have repeatedly emphasized that only the most egregious conduct can be said to be 'arbitrary in the constitutional sense.'"  *Id.* at 846 (citation omitted).  In determining whether there is a substantive due process

5

violation, the Supreme Court instructed that there must be "an exact analysis of circumstances before any abuse of power is condemned as conscience shocking." *Id.* at 850.

Citing *County of Sacramento*, Smith acknowledges that the conscience shocking conduct is that which is "intended to injure and is brutal, demeaning, harmful and unjustifiable by any government interest." Appellant's br. 20 (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). Although Smith may have sustained an injury, we conclude that Sgt. Shipp's conduct, even though it may have been improper, was neither egregious nor conscience shocking under the circumstances. We will not disturb the District Court's grant of summary judgment in favor of Sgt. Shipp and the other defendants.

It is unclear whether Smith challenges the grant of summary judgment on the malicious prosecution claim because he only mentions in passing that he "was targeted for malicious prosecution[,] harassment and other retaliation for exercising his First Amendment Right to report Defendant's conduct." If Smith is challenging the dismissal of his malicious prosecution claim, we conclude that there is no basis for disturbing the District Court's dismissal of ths claim.

In *Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir. 2003), we set out the elements necessary to establish such a claim and the first element is that a criminal proceeding was initiated. *Id.* at 521. Here, there was no criminal prosecution. Instead, there was only an investigation into whether there was any wrongdoing and a conclusion

6

that there was no factual support for the allegation that Smith had provided false and misleading information.  As the District Court pointed out, Smith conceded during his deposition that he had not been criminally prosecuted.  Because Smith cannot establish every element essential to a claim of malicious prosecution, we conclude that the District Court did not err in granting the motion for summary judgment on this claim.

Smith also asserted that his First Amendment rights were violated because he was harassed and retaliated against because he spoke about Sgt. Shipp's conduct.   Because the District Court had previously concluded that Smith had demonstrated that he spoke out on a matter of public concern, the Court considered whether the defendant had in fact retaliated against Smith.  The Court articulated what it surmised was Smith's list of retaliatory actions and explained why each allegation failed to survive summary judgment.  On appeal, Smith contends that the District Court erred because he was harassed so badly that he had to change shifts, and was removed as the union representative for the Fraternal Order of Police.

The District Court agreed that a transfer may constitute retaliation in certain circumstances.  Smith's transfer did not constitute retaliatory conduct, the District Court concluded, because it was based on his request.  The record contains not only Smith's request for the transfer, but also provides Smith's explanation that the request for transfer was prompted by a conflict with his court duties.

The District Court also rejected Smith's contention that his removal from the Fraternal Order of Police was sufficient to demonstrate retaliatory conduct.  The Court

7

pointed out that this alleged retaliation did not involve any of the defendants.

We agree with the District Court that neither Smith's transfer nor his removal from his duties with the Fraternal Order of Police constituted retaliatory conduct. Smith fails to recognize that a claim of First Amendment retaliation requires personal involvement in the alleged retaliatory conduct so that there is a causal connection. *Brennan v. Norton*, 350 F.3d 399, 414, 419 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As the District Court explained, the record failed to demonstrate that Sgt. Shipp, Marzullo or Shaffer initiated these alleged retaliatory actions and were therefore personally involved. We find it telling that in light of the District Court's ruling, Smith fails to point us to any evidence directly linking Sgt. Shipp, Marzullo, or Shaffer to the alleged retaliatory conduct. Because our review of the record has not revealed any such evidence, we will affirm the grant of summary judgment for the defense on Smith's First Amendment retaliation claim.

For the reasons set forth above, we will affirm the judgment of the District Court.